IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

DONALD GALBRAITH,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendants.

Civil Action No. 1:19-cv-171

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, Donald Galbraith, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay long-term disability benefits due under an employee benefits plan under ERISA, and for Defendants' other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq.* and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2). The Plan Administrator, Daikin Applied Americas, Inc. ("Daikin"), is located in Chattanooga, Tennessee.

## PARTIES

4. Plaintiff, Donald Galbraith, (hereinafter "Plaintiff"), is a resident of DeKalb County, Alabama.

5. Defendant Life Insurance Company of North America (hereinafter "LINA"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, Attn: Service of Process, 500 James Robertson Parkway, Nashville, Tennessee 37243-1131.

6. Defendant LINA is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. LK-964552, issued by LINA to Daikin.

## FACTS

7. Plaintiff was employed by Daikin Applied Americas, Inc., in its Chattanooga, Tennessee location.

8. Daikin offers group long-term disability insurance as an employee benefit pursuant to the LTD Plan.

9. Plaintiff is a participant or beneficiary of the LTD Plan.

10. Plaintiff has satisfied all of the requirements and was eligible for coverage under the LTD Plan.

11. Benefits due under the LTD Plan are insured by Insurance Policy No. LK-964552.

12. Upon information and belief, Plaintiff initially ceased work due to disability in May of 2015 and received short-term disability ("STD") benefits until he returned to work in December 2015.

13. Upon information and belief, Plaintiff's return to work was short lived and he went out on disability again in April of 2016 and received STD benefits until August 2016.

14. Upon information and belief, Plaintiff again tried to return to work in November of 2016, but ceased work entirely by February 27, 2017.

15. Plaintiff ceased work due to a disability on February 27, 2017, while covered under the LTD Plan.

16. Plaintiff has been and continues to be disabled as defined by the provisions of the LTD Plan.

17. Plaintiff filed an application for short-term disability and/or income continuation benefits under the STD Program.

18. Plaintiff was initially approved under the STD Program from February 27, 2017 through March 23, 2017.

19. Plaintiff was subsequently notified that his benefits under the STD Program were being denied beyond March 23, 2017, having received only 25 days of payable benefits out of a possible 180 days.

20. In a letter dated May 16, 2017, Plaintiff appealed Defendants' denial of his STD claim, requesting additional time to submit evidence in support of that claim.

21. In that same letter, Plaintiff also made an application for LTD benefits under the LTD Plan.

22. In a letter dated June 5, 2017, Defendants acknowledged receiving the LTD application.

23. Plaintiff submitted additional evidence in support of his STD and LTD claims by letter dated August 8, 2017, which was sent by fax and mail.

24. Pursuant to the ERISA Regulations governing the LTD claim, LINA had 45 days from its receipt of this additional evidence to render its decision on both claims, or September 22, 2017.

25. On October 12, 2017, Plaintiff's counsel faxed and mailed a letter inquiring into the status of the status of the STD appeal.

26. On October 12, 2017, Plaintiff also faxed and mailed Defendants a letter inquiring into the status of his LTD application.

27. LINA responded with a letter dated October 23, 2017, simply stating that the STD claim was closed with no further explanation in regards to the STD claim.

28. LINA's October 23, 2017 letter failed entirely to address the pending LTD claim.

29. LINA then sent another letter dated January 11, 2018, which indicated that Mr. Galbraith had received 27 months of LTD benefits beginning November 5, 2015 and that his claim was now under an "any occupation" review to determine his eligibility beyond November 5, 2017.

30. Despite LINA's January 11, 2018 letter, Plaintiff had never received a letter indicating that his LTD benefits were either approved or denied.

31. Plaintiff was forced to file suit on January 26, 2018 (No. 1:18-cv-00019-HSM-CHS) in order to receive the LTD benefits that was supposed to have begun on November 5, 2015.

32. That suit was subsequently voluntarily dismissed after LINA agreed to pay Plaintiff the backpay that had accumulated since November 5, 2015.

33. LINA again terminated Plaintiff's claim on March 23, 2018 based on its determination that there were other occupations available in the national economy that he could perform.

34. Plaintiff appealed LINA's by letter dated September 19, 2018.

35. Plaintiff's appeal included, among other evidence, the sworn statement of Dr. Richard Pearce, Plaintiff's orthopedic surgeon, who supported Plaintiff's claim for disability.

36. Despite this evidence, LINA denied Plaintiff's appeal by letter dated March 22, 2019.

37. LINA would pay any benefits due out of its own funds.

38. LINA owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

39. LINA was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

40. LINA allowed its concern over its own funds to influence its decision-making.

41. LINA breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

42. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

43. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

44. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

45. The decisions to deny benefits were wrong under the terms of the Plan.

46. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

47. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

48. The decisions to deny benefits were not supported by substantial evidence in the record.

49. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which his would have been entitled to under the Plan.

50. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 10th day of June, 2019.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: */s Hudson T. Ellis*
Hudson T. Ellis (Tenn. Bar #28330)
R. Chandler Wilson (Tenn. Bar #34491)
414 McCallie Avenue
Chattanooga  TN  37402
(423) 634-2506
FAX:  (423) 634-2505
ellish@buchanandisability.com
cwilson@buchanandisability.com